WILLIAM THIELEN, Appellant, v. DAVENPORT ELEVATOR COMPANY, Appellee.

**LANDLORD AND TENANT:** The Relation—Insufficient Showing. Contract between the vendor and the purchaser of land in modification of the original contract of purchase reviewed, and held not to create the relation of landlord and tenant, notwithstanding the fact that the contract referred to the income from the land as ''rent.''

Headnote 1:  35 C. J. pp. 960, 961.

Headnote 1:  16 R. C. L. 542.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG, Judge.

FEBRUARY 15, 1927.

The plaintiff sued as for the conversion of grain purchased by defendant from an alleged subtenant. There was a judgment on a directed verdict for the defendant. Plaintiff appeals.
—*Affirmed.*

*C. E. Berry* and *W. D. Milligan*, for appellant.

*A. M. Fagan* and *Moore & Moore*, for appellee.

MORLING, J.—The question is whether plaintiff, Thielen, occupies the position of lessor of the premises in controversy. On

March 1, 1919, plaintiff sold and conveyed the land to Welch; and took back a purchase-money mortgage. Welch did not pay his interest, and in February, 1923, told plaintiff that he could not own the land and did not think he could keep it. Under date of February 17, 1923, a written agreement was made as follows:

"Contract. The contract made the 17th day of Feb. 1923, between Wm. Thielen of Atlantic, Cass Co., party of the first part and Louis Welch of Adair Co., Iowa, party of the second part.

"Said Wm. Thielen holds a second mortgage of $13,385.00 on the NW fr. ¼ Sec. 19, Jefferson Twp. Adair County, Iowa, said land belonging to Louis Welch. Now it is agreed by and between the two parties that the said Wm. Thielen hereby cancels all interest due on his mortgage to March 1, 1923, and the said Louis Welch is to pay for the use of said land to Wm. Thielen the sum of $800 a year rent for the next two years namely to March 1, 1925, and as security for said performance of the part of Louis Welch said Welch will give to the Farmer State Bank, Atlantic, Iowa, a deed in blank to said land to be held by them and delivered to said Thielen when said Welch fails to perform his part of the contract. This $800 as paid by Welch is to be used to pay the interest on the first loan, the taxes, and what is left is to be paid to Wm. Thielen as interest in full on his second mortgage as hereby described.

"Wm. Thielen hereby has the right to sell said land during the next two years, but for nothing less than the total amount of encumbrance now amounts to. Louis Welch also has the right to sell said land also as per same terms. Welch hereby agrees to keep the buildings in good repair and also to do such work as is needed on the house and to farm the place in a good manner, the intention being to handle the farm to the best advantage of both. The $800 to be paid on or before Feb. 15, 1924, and 1925.

"Welch hereby agrees to put improvements on the house and other buildings to the amount of $200 one thing is to repair the foundation.

"Said Welch is to pay all interest and taxes due on the land to Mar. 1st, 1923.

"While said Thielen has the right to sell the land during the next two years as above described, it must be sold with pos-

session given not sooner than March 1st 1925, unless agreed to by Welch.'' (Signed by William Thielen and Louis Welch and Julia Welch.)

Under date of February 19, 1923, Welch and wife signed a warranty deed to Thielen for the land, subject to a first mortgage of $7,775 and second mortgage of $13,385, which Thielen assumed. Neither this deed nor the contract was recorded. On March 12, 1925, Welch and wife executed to Thielen another warranty deed for the same premises, subject to the first mortgage of $7,775, which Thielen assumed. This latter deed was recorded. The Welch note and mortgage to Thielen were not returned to Welch until March, 1925. Thielen testified that he received the first deed the same date the contract was made out.

"Welch was to give me a deed, and there was nothing said about it until he was to make out the lease, and the banker who wrote the lease says: 'Why don't you hold that deed? You would save all that extra expense.' * * * Welch gave me the deed, and I could hold the deed back, so if there was any great rise in the land, I was not to do anything with it, and he would take the land back and pay me the rent. * * * he says, 'You would soon have it recorded.': There was an error in it, and on March 1, 1925, I got another deed and recorded it * * * I received the [first] deed, Exhibit A, from Welch in 1923. I just held it, and he said times might improve, and he would take this land back, and I just held it. * * * The reason for changing the deed was the little error, and not to change the consideration.''

Welch leased part of the land for 1924 to Miller. Miller sold corn raised on it, to defendant. Defendant paid for the corn by check to Miller and Welch. Plaintiff sues for conversion of the corn.

It will be noted that the instrument of February 17, 1923, is called a contract, not a lease. It contains none of the covenants or ordinary provisions of a lease, except that Welch "is to pay for the use of said land to William Thielen the sum of $800 a year rent for the next two years." It is expressly provided, however, that the $800 is to be used to pay interest on first loan and the taxes, and what is left is to be paid to Thielen "as interest in full on his second mortgage." The use of the word "rent" is in contradiction of the agreement that the $800 was to

be used for the proprietary purpose of paying interest on the first loan and taxes and interest to plaintiff. Plaintiff actually retained the note and mortgage. By the terms of the agreement, plaintiff's mortgage remained in effect. He was to receive interest on it, and his relationship as mortgagee and his title to the money as interest on his mortgage must prevail over any inference that might otherwise be raised from the use of the word "rent," which, on the actual relationship, is a misnomer. It is by the agreement, in express terms, declared that the deed is given, not to plaintiff, but to the Farmers State Bank, and in blank. The deed remained in effect, was to be given, not to vest proprietorship, but as security for Welch's performance of the contract. The security was a deed of the land, and not a lien on the crops. On the face of the contract, the deed was to be not only not absolutely delivered, was not to run to Thielen, and was given as security. Welch was entitled to the crops as proprietor, and not as tenant. Thielen, by the written contract, assumed none of the duties of a proprietor; but those duties, so far as expressed, were imposed upon Welch. Welch retained the right to sell the land. While Thielen had the right to sell, he could not give possession sooner than March 1, 1925, unless agreed to by Welch. During the two years, Welch, and not plaintiff, was proprietor. Welch did not hold in subordination to plaintiff, but as owner. The first deed to plaintiff was, in legal effect, not a conveyance, but a mortgage. The two deeds differ in respect to consideration named and mortgages assumed. The consideration named in the last deed was the equivalent of the two mortgages. The agreement provided for no reversion to plaintiff. While plaintiff testified to certain verbal arrangements, and says that Welch was to pay him $900 rent, and there are discrepancies in dates, and to some degree in substance, it is not claimed that the written contract was abrogated, or that it was not the actual agreement of the parties. On May 29, 1925, a decree was rendered in favor of plaintiff, and against Welch and wife, finding the agreement to be a lease, and that defendants were owing a balance of $675 rent, foreclosing the landlord's lien. The defendant was not a party to this decree, and is not affected by it. On the evidence before us, we are of the opinion that a finding that

the relationship of landlord and tenant existed between plaintiff and Welch could not be sustained.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.